The next matter, number 24-1536, Andy Lou Tran v. Herbert Jacobs. At this time, would counsel for the appellant please introduce himself on the record to begin. Good morning again, Your Honor, and may it please the court. The appeal here pertains to the jurisdiction of the Bank of New York to enforce the order granting Mr. Jacobs summary judgment and not avoiding the transfer. Jurisdiction seems to be a funny animal. It's defined in the first instance by statute, but a jurisdiction, once it attaches, can be lost. And there is case law holding that when an order is on appeal, the court loses jurisdiction to enforce it. However, this court has held that there are exceptions to that rule. The basic rule was stated, I believe, in Quistering Pines from the back of the appellate panel. In a case called Old Cold, this court noted that there are exceptions to that. The exceptions seem to center around whether or not enforcing the order on appeal would impermissibly interfere with the appellate process. Now, in this case, the bankruptcy judge said in his order, he said, I must decide whether entry of an order on the confirmatory deed and eviction motions granting relief from stay would impermissibly interfere with the issues on appeal. He further said that it does to some extent. So the question, I guess, here is whether it does impermissibly interfere with jurisdiction of the appellate courts sufficiently to prevent the bankruptcy judge from entering his judgments. If I could take you back to your statement that jurisdiction is a funny animal here. We're not talking in this case, are we, about Article III. We're not talking about Article III jurisdiction in this case. We're talking about a more prudential, pragmatic rule that applies to interlocutory appeals. Well, it's true that bankruptcy courts are not Article III courts, but the Whispering Pines case and the Old Cold case were both bankruptcy cases. Sure, and they refer to jurisdiction, but there is different types of jurisdiction. Sometimes the court just has no power whatsoever. Other times, there are even cases where jurisdictional defects can be waived. And I'm asking because I'm a practical hypothetical here, without indicating which way I might be thinking, but hypothetically, if we were to rule against you in the prior case, and therefore the transfer is complete, wouldn't that move the question of how to resolve the second case, this one? I didn't hear the last part. Resolve what? Sure, if we were to rule against you in that the transfer could not be avoided, then there would be no appeal pending. There would be nothing to interfere with. Why wouldn't that eliminate any need to decide whether in the first instance the relief from the automatic stay should have been granted? I can understand how you might think that it would. The problem we're facing in a practical sense is that Mr. Jacobs has taken Mr. Tran to the housing court, gotten a judgment of eviction, but that judgment is stayed by the housing court itself. So if you were to decide that the transfer could not be avoided, then he's going to have to move. And that writes in, I think. He's gone through this because he's put a lot of money and investment into that property. He wants to preserve it. He wants to stay there. He's complied with the orders of the bankruptcy court and the housing court to provide adequate protection. That stayed judgment of the housing court. The judgment itself was issued only because the automatic stay had been lifted? Only because. The automatic stay had been lifted, or is that not? That's right. So if I understand the practical point, it's if it was error at the time of the order to lift the automatic stay under Whispering Pines, that error gave rise to an existing judgment against you, which has now stayed, which your contention would be what that judgment should never have been. Issued because the stay should never have been lifted? I'm not quite seeing how I understand the practical point. You say he would then have to move, but I wasn't quite sure how that legally was responsive to the question Judge Cato was asking you. Okay. I think I understand the question. And my position is that if the transfer is not avoided, then the bankruptcy court was correct to grant relief from stay. And what does that mean in the appeal of the automatic stay? Then do you agree that if we were to decide the avoidance case against you, it would move and make unnecessary resolution of whether at the time the stay was lifted that was error or not? Yes. Okay. I think the law should perhaps be clarified, but yes, it would. And I say my time is up again. Thank you. Okay. Thank you. Thank you, counsel. At this time, would counsel for the appellee please introduce herself on the record to begin? Good morning, Your Honor. If it may please the court, I'm Kate Nicholson for Herbert Jacobs. Something that I think is important to keep in mind about the divestiture rule is that it's a rule made by judges to promote judicial economy. It is not a hard and fast jurisdictional rule. It is able to be applied when it makes sense under the circumstances. The purpose of the divestiture rule is not to protect litigants. It's to protect the court, and in particular this court, from wasting its time reviewing an order that a lower court then changes. That's not what we have in this case. What we have in this case is the bankruptcy court, as we heard in the last hearing, the bankruptcy court issued a judgment finding that the transfer of Mr. Tran's equity of redemption could not be avoided. Therefore, the status quo was maintained and Mr. Jacobs remained the owner of this piece of property. There are consequences that flow from that. Did the ground for determining whether the stay should be lifted depend at all on the resolution of whether the affidavit would be enough to resolve the avoidance question? I believe the court, yes, Your Honor, the bankruptcy court decided the stay relief motion only after the adversary proceeding was decided. So the bankruptcy court considered summary judgment, determined that the affidavit of sale provides constructive notice, and because of that, Mr. Jacobs' claim to the property was superior to Mr. Tran's and therefore granted relief from stay. So the timing of it was the avoidance action was decided before the automatic stay ruling? Yes, Your Honor. So that was, in fact, the court held on to the motion for relief from stay until the adversary proceeding was decided. So Mr. Tran has argued that there's a risk that the appeal of the avoidance action could become moot if Mr. Jacobs is allowed to proceed in the housing court as he has. So my response to that as an initial matter is that mootness does not give rise to divestiture. There are two separate things here. Divestiture is about protecting the courts, and if there's a risk of mootness, then the litigant's option is to get a stay pending appeal. Mr. Tran tried several times to get a stay pending appeal and was denied four times. Now, in this case, practically speaking, there's no reason for this court to vacate the orders that have entered below. The relief from stay order has not interfered with Mr. Tran's appeal of the avoidance action. We're here today on both. If the avoidance action, as this court noted, this appeal would become moot if the avoidance action is affirmed and Mr. Jacobs retains possession of the property. There's no reason to have Mr. Jacobs go back to the bankruptcy court, file another motion for relief, and go to the housing court. And as a practical matter, there's no harm to Mr. Tran because the housing court has stayed the judgment of possession pending a resolution of this case. I have no further questions. Thank you. Thank you very much. Thank you, counsel. That concludes argument in this case.